IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COY PHELPS,

    Plaintiff,                    No. CIV S-03-2481 MCE JFM P

  vs.

STATE OF CALIFORNIA, et al.,

    Defendants.              <u>ORDER</u>

                              /

        Plaintiff is a federal prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 4, 2005, plaintiff filed a letter addressed to the Clerk of the Court seeking information about jury selection and copies of all information provided to jurors.[1] This matter is set for

---

[1] Plaintiff's letter was not served on defendants. Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5. <u>See</u> Local Rule 5-135(b). Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant. Fed. R. Civ. P. 5(b)(1). Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. <u>See</u> Fed. R. Civ. P. 5(b)(2)(B). Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed. <u>See</u> Local Rule 5-135(b) and (c).

1

1  jury trial on January 4, 2006.  Plaintiff's request is premature and will therefore be denied.

2          On May 26, 2005, plaintiff filed a document styled "Notice of Non Compliance of Courts Pretrial Conference Order."  In that document, plaintiff asserts that he cannot participate in the pretrial conference because he is confined in an institution and defendants have failed to comply with discovery requests.  Plaintiff is informed that the pretrial conference will be conducted on the papers without appearance by any party, and that defendants' alleged failure to cooperate in discovery will not excuse plaintiff from the requirements of this court's revised scheduling order.  Plaintiff is cautioned that failure to timely file a pretrial statement in accordance with the requirements of the February 18, 2005 scheduling order will result in a recommendation that this action be dismissed.

        Finally, on May 26, 2005, plaintiff filed a document styled "Motion to Impose Sanctions Upon Respondents."  By this motion, plaintiff seeks imposition of sanctions due to defendants' alleged failure to respond to discovery requests.  Discovery closed in this action on April 29, 2005. (Revised Scheduling Order, filed February 18, 2005, at 5.)  Plaintiff's motion for discovery sanctions is untimely and will therefore be denied.

        In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 4, 2005 request for information about jury procedures is denied without prejudice; and

2. Plaintiff's May 26, 2005 motion for sanctions is denied as untimely.

DATED: June 13, 2005.

                                   /s/ [signature]
                                   UNITED STATES MAGISTRATE JUDGE

12
phel2481.o3