IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COY PHELPS,

        Plaintiff,               No. CIV S-03-2481 MCE JFM P

     vs.

STATE OF CALIFORNIA, et al.,

        Defendants.        <u>ORDER</u>

_____/

       Plaintiff is a federal prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.[1]  This action is proceeding on plaintiff's second amended complaint, filed February 2, 2004.  By order filed September 8, 2004, all of the claims in plaintiff's second amended complaint were dismissed with the exception of plaintiff's claims against the City of Lodi, the Lodi Police Department and Jerry Adams.  On June 24, 2005, said defendants filed a motion for summary judgment.  On July 6, 2005, plaintiff filed an opposition to defendants' motion.

       Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), plaintiff

---

[1]  Plaintiff paid the filing fee for this action.

1

is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

/////

1        Good cause appearing, IT IS HEREBY ORDERED that plaintiff is granted thirty

2   days from the date of this order to file and serve a supplemental opposition to defendants' June

3   24, 2005 motion for summary judgment.  Defendants may file a supplemental reply brief not later

4   than seven days after service of a supplemental opposition by plaintiff.

5   DATED:  August 25, 2005.

6

7                                          _____
                                           UNITED STATES MAGISTRATE JUDGE
8

9   12
    phel2481.rand
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26