IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COY PHELPS,

    Plaintiff,                    No. CIV S-03-2481 MCE JFM P

    vs.

STATE OF CALIFORNIA, et al.,      <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a federal prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed September 8, 2004, all of the claims in plaintiff's second amended complaint were dismissed with the exception of plaintiff's claims against the City of Lodi defendants.[1] With respect to these defendants, plaintiff claims that his constitutional rights

---

[1] On September 22, 2004, an answer to plaintiff's second amended complaint was filed in this action on behalf of defendants City of Lodi, City of Lodi Police Department, Chief Jerry Adams, and "1 Unknown Female Officer." On August 4, 2005, plaintiff filed a motion for service of summons and the second amended complaint on R. L'Hoir, contending that said individual is the person identified in the second amended complaint as "One Unknown Female Police Officer of the Lodi, California Police Department." By order filed August 26, 2005, counsel for the Lodi defendants was directed to inform the court whether service would be waived for said officer and whether counsel would tender a defense for said officer. On September 13, 2005, counsel filed a letter stating that Ms. L'Hoir separated from City service in October 2001 and therefore the City could not waive service of process on her behalf. Counsel also represented that a decision regarding a tender of defense for Ms. L'Hoir would have to be made by the City Council. Despite these representations, counsel has filed a motion for summary

1

were violated when he was arrested for failing to comply with the registration requirements of California Penal Code § 290 based on an expunged sex offense conviction and when information that plaintiff was a convicted sex offender was improperly disseminated in the community. This matter is before the court on said defendants' motion for summary judgment. Defendants contend that this action is barred by the statute of limitations and, in the alternative, that they are entitled to qualified immunity from liability.

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

judgment on behalf of four defendants associated with the City of Lodi, including the unnamed female police officer now identified as R. L'Hoir. On the basis of the pleadings already filed by the Lodi defendants in this action, the court finds that counsel for the Lodi defendants is representing the unknown female officer now identified as Officer L'Hoir. Accordingly, the court will not make further orders for service of process on Officer L'Hoir and the court will make findings and recommendations on the motion for summary judgment as presented by all four defendants, including the unknown female officer now identified as Officer L'Hoir. For these reasons, plaintiff's September 15, 2005 motion to compel disclosure of Officer L'Hoir's address for service of process will be denied.

party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

/////

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On August 26, 2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). In the same order, plaintiff was given an opportunity to file a supplemental opposition to defendants' motion. On September 21, 2005, plaintiff filed a supplemental opposition to defendants' motion and on September 27, 2005, defendants filed a reply to plaintiff's supplemental opposition.[2]

ANALYSIS

As noted above, defendants seek summary judgment on the ground, inter alia, that this action is barred by the statute of limitations. California law determines the applicable statute

---

[2] Plaintiff objects to defendants' reply as "improper." (Object to Defendants Reply Made on 9/27/2005). Reply briefs are specifically authorized by the Local Rules of this Court, see Local Rule 78-230(m), and this court's August 26, 2005 order specifically granted defendants seven days to file a supplemental reply brief. Plaintiff's objection is without merit and is overruled.

4

of limitations in this § 1983 action, see Wilson v. Garcia, 471 U.S. 261, 268-71 (1985), which is one year. See Cal. Code Civ. Proc. § 340(3); see also Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994). California law also provides the applicable tolling provisions "including equitable tolling when not inconsistent with federal law." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Under California law, the statute of limitations is tolled during the pendency of criminal proceedings that followed the incident at bar. See Harding v. Galceran, 899 F.2d 907, 908 (1989) (Provisions of California Government Code § 945.3 apply to toll limitations period while criminal charges are pending against "potential plaintiff.") California law also provides statutory tolling of the civil for up to two years during a period of incarceration. See California Civil Code § 352.1; see also Fink, id.

Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (citations omitted).

Plaintiff's claims against the Lodi defendants arise from an alleged unlawful arrest of plaintiff for violation of California Penal Code § 290, a law requiring convicted sex offenders to register with local officials, and the consequences that allegedly followed that arrest. Except as expressly noted, the following facts relevant to the events at bar are undisputed. Plaintiff was arrested on October 5, 1999 for failing to register in violation of California Penal Code § 290. (Exs. A and B to Declaration of Lauralee Waddell in Support of Defendants' Motion for Summary Judgment, filed June 24, 2005; Opposition to Summary Judgment, filed September 21, 2005 (hereafter "Supplemental Opposition," at 5.) Plaintiff was arrested, taken to the county jail, and released on his own recognizance. (Supplemental Opposition, at 5.) The charges were dismissed by the San Joaquin County Superior Court in December 1999.[3] Plaintiff contends that

---

[3] Citing the Second Amended Complaint, filed February 2, 2004, defendants assert that the criminal charges were dismissed on December 6, 1999. Plaintiff does not dispute that the

he began to suffer harassment within forty-eight hours of the arrest. (See Supplemental Opposition, at 6.)[4]

At the time of the arrest, plaintiff was on federal probation. (Supplemental Opposition, at 2-3.) He apparently remained out of prison until sometime following his early 2001 arrest on federal criminal charges. (See Second Amended Complaint, at 27; Supplemental Opposition, at 1 and passim.)

Plaintiff's claim for wrongful arrest arose on October 5, 1999, and his claim for the harassment that followed therefrom arose shortly thereafter.[5] The limitations period was tolled until not later than December 22, 1999, after the criminal charges were dismissed, and the limitations period expired one year later in December 2000. This action was not filed until November 2003 and is therefore barred by the statute of limitations.[6] For that reason, the Lodi defendants are entitled to summary judgment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 15, 2005 motion to compel is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' June 24, 2005 motion for summary judgment be granted; and

---

charges were dismissed on that date. It is clear that they were dismissed sometime before December 22, 1999, when plaintiff signed a § 290 registration form. (Ex. E to Waddell Declaration; Second Amended Complaint, at 18th page after cover sheet (hereafter the pages of the second amended complaint will be identified by their sequential position after the cover sheet, with page 1 identified as the page after the cover sheet that sets forth allegations of the court's "Jurisdiction and Authority").

[4] In his second amended complaint, plaintiff alleges that the harassment began "within two weeks after the arrest." (Second Amended Complaint, at 19.)

[5] Plaintiff does not provide a precise date on which he was allegedly told that the harassment he was suffering was the result of information disseminated by Officer L'Hoir, but he does state in his supplemental opposition that it was before he first changed residences as a result of the harassment. (Supplemental Opposition, at 6.)

[6] The tolling provisions of California Civil Code § 352.1 have no application to this action, since plaintiff was not re-incarcerated until early 2001, after expiration of the limitations period.

2. Judgment be entered in this action in accordance with any order of the district court adopting these findings and recommendations and the district court's September 8, 2004 order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 25, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
phel2481.msj